**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

ALEXANDER L. KAPLAN,

                Plaintiff,

-vs-                                                                 Case No.   2:10-cv-237-FtM-36SPC

LEON KAPLAN,

                Defendant.
_____/

**ORDER**

This matter comes before the Court on the Plaintiff, Alexander Kaplan's Motion to Strike Defendant's Answer and Affirmative Defenses (Doc. #59 ) filed on August 18, 2011. The Defendant Leon Kaplan filed his Response in Opposition (Doc. # 60) on August 23, 2011.  The Motion is now ripe for the Court's review.

Affirmative defenses are filed pursuant to Federal Rule of Civil Procedure 8(c). The Rule states in pertinent part  that "a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud . . . and any other matter constituting an avoidance or affirmative defense." Fed. R. Civ. P. 8(c).  Federal Rule of Civil Procedure 12(f) provides that the Court may order "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading. Harvey v. Home Depot U.S.A., Inc., 2005 WL 1421170 (M.D. Fla. June 17, 2005).  In evaluating a motion to strike, the court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings. Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002).  A motion to strike will usually be denied unless the

allegations have no possible relation to the controversy and may cause prejudice to one of the parties. Harvey, 2005 WL 1421170 (citing Scelta v. Delicatessen Support Services, Inc., 57 F. Supp. 2d 1327, 1347 (M.D. Fla. 1997).

An Affirmative defense will only be stricken . . . if the defense is insufficient as a matter of law. Microsoft Corp., 211 F.R.D. at 683.  An affirmative defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.  Harvey, 2005 WL 1421170.  To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is sufficient and may survive a motion to strike, particularly when there is no showing of prejudice to the movant. Id. (citing Reyher v. Trans World Airlines, Inc., 881 574, 576 (M.D. Fla. 1995)).

Affirmative defenses are also subject to the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Hansen v. ABC Liquors, Inc., 2009 WL 3790447 *1 (M.D. Fla. November 9, 2009).  Rule 8(b)(1)(A) requires that a party "state in short and plain terms its defenses to each claim asserted against it." Fed R. Civ. P. 8(b)(1)(A). Although Rule 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must give the plaintiff "fair notice" of the nature of the defense and the grounds upon which it rests. Hansen, 2009 WL 3790447 at *1 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007)).

As grounds to strike the Answer and Affirmative Defenses, the Plaintiff states that the answer was untimely filed and that each of the affirmative defenses were adjudicated by the District Court when it denied the Defendant's Motion to Dismiss.  Thus, the Plaintiff states the affirmative defenses are all barred by *res judicata*.

### *(1) Whether the Answer and Affirmative Defenses were Untimely Filed*

The Plaintiff argues that the Answer and Affirmative Defenses were untimely filed because under the Federal Rules a party must respond to the complaint within ten (10) days after the Court has ruled on a pending motion to dismiss. The Rule reads in pertinent part:

> (4) Effect of a Motion. Unless the court sets a different time, serving a motion under this rule alters these periods as follows:
>
> (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action;

Fed. R. Civ. P. 12(a)(4). Thus, contrary to the Plaintiff's argument Fed. R. Civ. P. 12(a)(4) actually gives a defendant fourteen (14) days after notice of the court's action on the motion.

Here, the District Court issued its Order denying the Motion to Dismiss (Doc. # 56) on August 3, 2011. The Defendant filed his Answer and Affirmative Defenses on August 17, 2011, fourteen (14) days after the District Court's action on the Motion to Dismiss. Thus, the Defendant's Answer and Affirmative Defenses was timely filed.

### *(2) Whether the Affirmative Defenses are Barred*

The Defendant raised five affirmative defenses as follows: (1) the Court lacks diversity jurisdiction; (2) the Court lacks subject matter jurisdiction; (3) the Plaintiff's claims are barred by *res judicata*; (4) the claims are barred by Fla. Stat. § 733.708; and (5) the Plaintiff failed to state a claim for negative retention of inexperienced counsel which is not a recognized cause of action in the State of Florida.

### *(1) Jurisdiction Affirmative Defenses*

On August 3, 2011, the District Court found that the Defendant was being sued individually as a person and not as the representative of the estate. Under Florida law, which the Court must

apply here, a person sued individually as a person and not as the representative of the estate is deemed to be a citizen of the state in which they reside. Huguenor v. Huguenor, 420 So. 2d 344 (Fla. 5th DCA 1982). The District Court found that the Defendant, Leon Kaplan, is a citizen of Arizona and the Plaintiff, Alexander Kaplan, is a citizen of Florida and the amount in controversy exceeds $75,000.00. Thus, the Court found diversity jurisdiction. Thus, affirmative defense number 1 is due to be stricken. Whether or not there is diversity jurisdiction was determined by the District Court in its Order. Since the Court has determined it has diversity jurisdiction whether or not it has subject matter jurisdiction is a moot point therefore, both affirmative defense number 1 and 2 will be stricken. However, that does not prevent the Defendant from raising further jurisdictional objections at a later time because a lack of subject matter jurisdiction may be raised at any time in the proceedings. Fed. R. Civ. P. 12(h)(3).

### *(2) Whether the Defendant's Third Affirmative Defense is Barred by Res Judicata*

The Plaintiff claims the Defendants third affirmative defense is barred by *res judicata* because the issues were previously decided by the Probate Court. The doctrine of *res judicata* bars a plaintiff from bringing a subsequent lawsuit when four requirements are met: (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases. Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999).

The District Court found that the State Court proceedings did not bar this action because the State did not issue a judgment against the Defendant personally. (Doc. # 56, p. 9). The District Court found that the State Court action was *in rem* and the instant action was *in personam*. (Doc. # 56, p. 17). Thus, the State Court action did not determine the matters at issue in this case which are

brought against the Defendant personally and not in his role as personal representative. Furthermore, the District Court's Order denying the Motion to Dismiss did not bar the claim because denying a Motion to Dismiss is not the same as issuing a final judgment on the issue. Therefore, *res judicata* does not bar the instant action and the third affirmative defense is due to be stricken.

### *(3) Whether the Court's Order Denying the Motion to Dismiss Bars the Fourth Affirmative Defense*

The Plaintiff's fourth affirmative defense states the Plaintiff's claims are barred by Fla. Stat. § 733.708. The Florida Statute absolves the personal representative from any personal liability upon the probate court's order approving any compromises or settlements. Fla. Stat. § 733.708 (2010). The Defendants reliance on the Statute in this instance is misplaced because the case is being brought against the Defendant *in personam* and not in his role as the personal representative of the estate. Therefore, the Motion to Strike the fourth affirmative defense is due to be granted since the law does not apply to the facts of this particular case.

### *(4) Whether the Court's Order Denying the Motion to Dismiss Bars the Fifth Affirmative Defense*

The fifth affirmative defense states that Florida does not recognize a cause of action for "negligent counsel." The Plaintiff argues that the issues were resolved by the District Court's Order denying the Motion to Dismiss and therefore, the affirmative defenses are barred by *res judicata*. The District Court did not rule on the merits of the Plaintiff's claim that the Defendant was liable for retaining negligent counsel, but instead found that Florida does allow for a claim against the Defendant for the retention of inexperienced counsel and further that the probate court did not rule on the issue. Thus, the Motion to Strike the fifth affirmative defense is due to be denied.

Accordingly, it is now

**ORDERED:**

The Plaintiff, Alexander Kaplan's Motion to Strike Defendant's Answer and Affirmative Defenses (Doc. #59 ) is **GRANTED in part and DENIED in part**.

(1) The Plaintiff, Alexander Kaplan's Motion to Strike the Defendant's Answer as Untimely is **DENIED.**

(2) The Plaintiff, Alexander Kaplan's Motion to Strike the Defendant's Affirmative Defenses 1, 2, 3, and 4, is **GRANTED**. Affirmative Defenses 1, 2, 3, and 4 are hereby **STRICKEN.**

(3) The Plaintiff, Alexander Kaplan's Motion to Strike the Defendant's Affirmative Defense number 5 is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   28th   day of August, 2011.

*[signature: Sheri Polster Chappell]*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record