**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

ALEXANDER L. KAPLAN,

        Plaintiff,

-vs-                                            Case No.  2:10-cv-237-FtM-36SPC

LEON KAPLAN,

        Defendant.
_____/

## **ORDER**

        This matter comes before the Court on the Plaintiff, Alexander Kaplan's Motion to Compel Better Answers to Interrogatories and for Attorney's Fees (Doc. #61) filed on August 27, 2011.  The Defendant, Leon Kaplan, filed his Response in Opposition (Doc. # 64) on September 9, 2011.  The Motion is now ripe for the Court's review.

        The Federal Rules state that, a party upon whom interrogatories have been served has 30 days to respond either by filing answers or objections to the propounded interrogatories. Fed. R. Civ. P. 33(b).  If the serving party does not receive a response to their interrogatories then the serving party may request an order compelling disclosure. Fed. R. Civ. P. 37(a). Whether or not to grant the motion to compel is at the discretion of the trial court. Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).

        In this instance, the Plaintiff states the Defendant failed to provide complete answers to the propounded interrogatories.  The Defendant responds– among other things– that the Plaintiff did not comply with Local Rule 3.01(g).  A review of the Plaintiff's Memorandum of Law confirms the Defendant's objection.  Under the Local Rules of this District, a movant must first confer with the

opposing party to determine whether or not the requested relief is opposed. The Local Rule reads in pertinent part:

> [b]efore filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion. A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. The moving party retains the duty to contact opposing counsel expeditiously after filing and to supplement the motion promptly with a statement certifying whether or to what extent the parties have resolved the issue(s) presented in the motion.

M.D. Fla. Local Rule 3.01(g).

The Rule states clearly that the moving party must certify that the moving counsel has conferred with opposing counsel. Here, the Plaintiff merely states "I hereby certify that the parties are unable to resolve these issues and that a true and accurate copy of the above and foregoing was served by CM/ECF service to the above named person(s) . . . ." The Plaintiff never certifies that he conferred with the Defendant and was unable to reach a resolution. In fact, the Defendant asserts that he was never consulted about the instant motion. Therefore, the Plaintiff's 3.01(g) certification is insufficient.

The Plaintiff was previously warned about not complying with the M.D. Fla. Local Rules and failing to confer with opposing counsel prior to filing a Motion for relief. While the Plaintiff is proceeding *pro se*, he is responsible for following the Rules of this Court. Loren v Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002) (holding that even pro se parties must follow procedures). Moreover,

the Plaintiff in this case is an attorney and a member of the Florida Bar. Therefore, his failure to comply with M.D. Fla. Local Rule 3.01(g) is fatal to his Motion and the request is due to be denied.

Accordingly, it is now

**ORDERED:**

The Plaintiff, Alexander Kaplan's Motion to Compel Better Answers to Interrogatories and for Attorney's Fees (Doc. #61) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___13th___ day of September, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record