UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALEXANDER L. KAPLAN,

                Plaintiff,

-vs-                                                 Case No. 2:10-cv-237-FtM-36SPC

LEON KAPLAN,

                Defendant.
_____/

**ORDER**

      This matter comes before the Court on the Plaintiff, Alexander L. Kaplan's Amended Motion to Compel Better Answers to Interrogatories and for Attorney's Fees (Doc. #66) filed on September 14, 2011. The Defendant Leon Kaplan filed his Response in Opposition (Doc. # 68) on September 9, 2011. The Motion is now ready for the Court's review.

      A party upon whom interrogatories have been served has thirty (30) days to respond either by filing answers or objections to the propounded interrogatories. Fed. R. Civ. P. 33(b). If the serving party does not receive a response to their interrogatories, then the serving party may request an order compelling disclosure. Fed. R. Civ. P. 37(a). Whether or not to grant the motion to compel is at the discretion of the trial court. Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).

      The Plaintiff moves the Court to Compel better answers to Interrogatories numbers 2, 3, 4, 5, 7, 8, 9, 10, 11, and 12. The Court will review each in order.

      Interrogatory number 2 requests as follows: "[p]rior to intervening in the wrongful death survivor's malpractice lawsuit filed by Plaintiff against the assisted living facility, describe what you

did with the specificity to investigate or pursue such a claim." The Defendant states that he did not intervene in any lawsuit. In fact, the Plaintiff's own brief states the Defendant filed a separate lawsuit and settled. (Doc. # 66, p.2). Moreover, under Florida law, wrongful death lawsuits are brought only by the decedent's personal representative so there is no legal basis for a beneficiary to institute a wrongful death action. Fla. Stat. § 768.20. Thus, the Defendant's answer is sufficient because he did not intervene in the Plaintiff's lawsuit.

Interrogatory number 3 asks "[i]n your Answers to Request for Admissions # 2, you deny that a personal representative owes a fiduciary duty to wrongful death survivors. What specifically do you base that denial?" Likewise interrogatory number 4 asked "[i]n your Answers to Request for Admissions #3, you deny that the Florida Wrongful Death Act controls the allocation of any settlement proceeds, notwithstanding the provisions of any Last Will and Testament. Upon what specific facts do you base that denial?"

The Defendant responded that interrogatory number 3 calls for a legal conclusion which is not discoverable. The interrogatory actually asks what is the basis for the assertion. Therefore, whether Defendant's claim is based upon a statute, case law, an article, or some other source, he made a legal assertion that he did not owe a fiduciary duty to the wrongful death survivors. He therefore, needs to support that statement with his basis for making the assertion. Likewise with the answer to interrogatory number 4, the Defendant simply needs to state what statute, case, article or otherwise supports his position. The law is clear that adversaries can use discovery to probe for facts supporting claims and defenses. Byrd v Wal-Mart Transp., LLC., 2009 WL 30553003 * 2 (S.D. Ga. September 2009) (citing R & B Appliance Parts, Inc. v. Amana Co., L. P., 258 F.3d 783, 786-87 (8th Cir. 2001)). Thus, the Defendant must answer interrogatories number 3 and 4.

Interrogatory number 5 asks the Defendant to explain why he did not allocate the proceeds from the wrongful death action per the requirements of Florida's Wrongful Death Act. The Defendant responds by stating the information is contained in the Petition to Apportion Settlement Proceeds served in the estate administration on or about May 17, 2010, and in the Court's order dated July 21, 2010, which the Plaintiff already has in his possession. The Defendant relies on Fed. R. Civ. P. 33(d), which allows a party to produce or reference business records in a response to an interrogatory. However, Rule 33(d) only refers to business records and may not be used to refer to production in the movant's control. *See* Covad Communications Co. v. Revonet, Inc., 258 F.R.D. 17, 20 (D. D. C. 2009) (holding that the responding party may not refer to the opposing party's records); Steven Backer-McKee, William M. Jansen, and John B. Corr, Federal Civil Rules Handbook 2011, 861 (West, 2011) (one cannot produce pleadings or deposition transcripts or refer to the administration record instead of answering the interrogatory). Answers to interrogatories should be complete in and of themselves. Incorporation by reference to a separate document is not a responsive answer. Deforest v. Johnny Chisholm Global Events, LLC., 2009 WL 1660137 *4 (N.D. Fla. June 15, 2009) (citing Dipietro v. Jefferson Bank, 144 F.R.D. 279, 282 (E.D. Pa.1992) (noting general rule that answers to interrogatories should be complete in and of themselves, and should not refer to pleadings, depositions, or other documents). Nevertheless, the interrogatory itself is a fault-attribution question that in essence demands the Defendant to admit to the Plaintiff's claims. The Defendant does not have to answer discovery that is essentially a subjective evaluation of his legal duty to the Estate. Byrd, 2009 WL 30553003 at *2. Thus, the Motion to Compel more responsive answer to Interrogatory number 5 is due to be denied.

Interrogatory number 7 asks for the name, address, telephone number, and substance of each conversation for any investment banker that Leon consulted concerning the preservation of the assets for Mack Kaplan's estate. The Defendant responded that he worked with several financial advisors at Vangard and invested in conservative mutual funds. The Defendant states that he cannot recall every conversation he had over the five (5) years that the Estate's administration has been pending.

While it is true that the Defendant may not recall all the conversations he has had regarding the administration of the estate, he may remember the names of the investment counselors he consulted with during this time. Thus, the Motion to Compel better answers to Interrogatory number 7 is due to be granted. The Defendant must supply the names of anyone he spoke with at Vangard to the best of his recollection. The Defendant is further cautioned that he has a duty to supplement his answers if a review of the Estate's records produces any names.

Interrogatory number 8 reads "[i]n your Answers to Request for Admissions #11, you deny that you never diversified the assets of the Estate. Please state specifically what you did to diversify the assets, when and how you did so and upon whose advice you did so." The Defendant responded that he had previously provided all of the financial records to the Plaintiff. The Plaintiff admits that he has all of the materials and they show no changes. Thus, the Interrogatory number 8 has been answered and the Motion to Compel is due to be denied as to number 8.

Interrogatory number 9 states "[w]hat have you done specifically from early 2007 to the present to keep the assets of the Estate income-producing." The Defendant responds see answer to number 8. As noted above it is a general rule that answers to interrogatories should be complete in and of themselves, and should not refer to pleadings, depositions, or other documents. However, the Plaintiff admits in his Motion that he has all of the financial information related to the estate and

therefore, the interrogatory is repetitive. Furthermore, the interrogatory is a fault-attribution question that in essence demands the Defendant to admit to the Plaintiff's claims. The Defendant does not have to answer discovery that is essentially a subjective evaluation of his legal duty to the Estate. Byrd, 2009 WL 30553003 at *2.

Likewise, Interrogatory number 10 states "[i]n your Answers to Request for Admissions #13, you deny you failed to pursue an investment strategy which would include the production of income and safety of the capital. What specifically did you do as an investment strategy which included the production of income and safety of the capital; who if anyone gave you that investment strategy and when did they give it to you?" Interrogatory number 10 is a fault-attribution question and as noted above, the Defendant does not have to answer discovery that is essentially a subjective evaluation of his legal duty to the Estate. Byrd, 2009 WL 30553003 at *2.

Interrogatory number 11 asks "how did you determine if Cathy S. Reiman was experienced in medical malpractice or nursing home negligence? What investigation into this did you make and what were the results of your investigation?" The Defendant objected to Interrogatory number 11 stating that the interrogatory violates the attorney client privilege. The Defendant's objection is founded upon 1550 Brickell Associates v. Q.B.E. Ins. Co., which holds that under Fla. Stat. § 90.502, the attorney-client privilege exists when a client consults "a lawyer with the purpose of obtaining legal services" or with a lawyer who is rendering legal services. 253 F.R.D. 697, 699 (S.D. Fla. October 20, 2008).

However, contrary to the Defendant's position, the Plaintiff is not asking for the content of any discussions between the Defendant and Atty. Reiman, but what qualifications led him to retain her in the first place. Thus, the Defendant must provide an answer to interrogatory number 11.

Interrogatory number 12 reads "What did you specifically do from early 2007 through to the present to mitigate losses to the estate assets? Who advised you to do so and what were you told in this regard?" The Defendant responded that he was unaware of any losses to the assets in the estate other than the substantial depletion of funds resulting directly from the legal actions undertaken by the Plaintiff. The Defendant states that his position is supported by the financial statements presented by Vangard which the Plaintiff has in his possession. Therefore, the Defendant answered interrogatory number 12.

Accordingly, it is now

**ORDERED:**

The Plaintiff, Alexander L. Kaplan's Amended Motion to Compel Better Answers to Interrogatories and for Attorney's Fees (Doc. #66) is **GRANTED in part and DENIED in part.**

(1) The Plaintiff, Alexander L. Kaplan's Amended Motion to Compel Better Answers to Interrogatories is **GRANTED** as to Interrogatories numbers **3, 4, 7 and 11.**

(2) The Plaintiff, Alexander L. Kaplan's Amended Motion to Compel Better Answers to Interrogatories is **DENIED** as to Interrogatories numbers **2, 5, 8, 9, 10 and 12.**

(3) The Defendant has up to and including October 24, 2011, to file complete and responsive answers to Interrogatories numbers **3, 4, 5, 7 and 11**.

**DONE AND ORDERED** at Fort Myers, Florida, this   1    day of October, 2011.

*SheriPolsterChappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record