UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALEXANDER L. KAPLAN,

                Plaintiff,

-vs-                                                Case No. 2:10-cv-237-FtM-99SPC

LEON KAPLAN,

                Defendant.
_____/

## ORDER

This matter comes before the Court on the Plaintiff, Alexander L. Kaplan's Motion to Compel Better Answers to Interrogatories and to Exceed 25 Interrogatories (Doc. #71) filed on December 12, 2011. The Defendant Leon Kaplan, filed his Response in Opposition to the Plaintiff's Motion (Doc. # 73) on December 23, 2011. The Motion is now ripe for the Court's review.

     The Federal Rules state that, a party upon whom interrogatories have been served has 30days to respond either by filing answers or objections to the propounded interrogatories. Fed. R. Civ. P. 33(b). If the serving party does not receive a response to their interrogatories, then the serving party may request an order compelling disclosure. Fed. R. Civ. P. 37(a). Whether or not to grant the motion to compel is at the discretion of the trial court. Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).

The Plaintiff moves to compel answers to interrogatory numbers 2, 5, 6, and 11-26. The Court will address the interrogatories in order.

Interrogatory number 2 asks "[p]rior to settling the wrongful death survivor's malpractice lawsuit filed by Plaintiff against the assisted living facility, describe what you did with specificity to investigate or pursue such a claim." The Defendant objected to the interrogatory responding:

> I object to this interrogatory on the basis that it calls for information conveyed to me in attorney-client privileged communications with my counsel. Without waiving that objection, my counsel has been deposed in this matter and has disclosed in detail how the nursing home case [was] reviewed and a settlement decision was made. As disclosed in that deposition, a decision to settle was made at the urging of William Dean, then counsel for Plaintiff in this case, Alexander Kaplan, and was joined in by Betty Kaplan, through her counsel. Further, I would not agree to settle the case without Court approval so that I would be protected from claims by Alexander Kaplan. A hearing was held at which Alexander Kaplan had an opportunity to object to the settlement and present evidence that the settlement was too low. He did not do so and did not appeal the decision of that Court, as was his right."

It is evident from the response that the Defendant hired counsel and relied upon the advice of counsel in pursuing the matter. Pursuant to Fla. Stat. § 733.612(19), a personal representative may employ attorneys and may "act upon the recommendations of those employed persons without independent investigation," Thus, the Motion to Compel interrogatory number 2 is due to be denied.

Interrogatory number 5 asks the Defendant *"*[d]o you have any written materials from financial advisors at Vanguard which show proof of financial advice or investment advice you have stated you received? If so, please identify those written materials and provide copies of same." The Defendant responded as follows:

> I object to this interrogatory on the grounds that is unreasonably cumulative, duplicative, and intended primarily for harassment since the Plaintiff has repeated essentially the same question in prior interrogatories and in depositions of Defendant's counsel on October 18, 2011. For example, this question is essentially the same as request number two of Plaintiff's first request to produce; interrogatories two and there of Plaintiff's first set of interrogatories; and interrogatories seven, eight, ten and twelve of Plaintiff's

> second set of interrogatories. Without waiving these objections, I incorporate by reference the objections and responses to those earlier discovery requests as if fully stated herein.

The Defendant objects that the request is duplicative of earlier requests. Indeed the interrogatory appears to be duplicative of other interrogatories and requests for production. The Defendant states in his Response (Doc. # 73, p.4) that he has produced all documents. Therefore, the Motion is denied regarding interrogatory number 5.

Request number 6 asks "[h]ow did you determine if Cathy S. Reiman was experienced in medical malpractice or nursing home negligence? What investigation into this did you make and what were the results of your investigation?" The Defendant responded

> I object to this interrogatory on the grounds that is unreasonably cumulative, duplicative, and intended primarily for harassment since the Plaintiff has repeated essentially the same question in prior interrogatories and in depositions of Defendant's counsel on October 18, 2011. Indeed, this interrogatory is exactly the same as interrogatory eleven of Plaintiff's second set of interrogatories. Without waiving these objections, I incorporate by reference the objections and response to interrogatory eleven of Plaintiff's second set of interrogatories as if fully stated herein."

In his previous response to the identical interrogatory number 11 from the Plaintiff's second set of interrogatories, the Defendant stated

> [w]ithout waiving these objections I initially retained the law firm of Roetzel & Andress (not Ms. Reiman individually) in 2006. To the best of my memory, as that was over 5 years ago Roetzel & Andress was retained because it was a large full service firm with experience in all areas including probate litigation. The wrongful death claim came to my attention through an article in the local newspaper subsequent to my initially retaining Roetzel & Andress and was settled and approved by court order, with notice to all interested parties, before any lawsuit was filed with my authorization as personal representative. As such, I do not recall conducting any further investigation of Roetzel & Andress after retaining the firm.

(Doc. # 73, Ex. D, p.9, ¶ 11). The Defendant has previously answered interrogatory number 6 and therefore, no further answers are required.

Regarding interrogatories numbers 11-26, the Defendant objected to those because they exceed the number of interrogatories allowed under Fed. R. Civ. P. 33. In his first set of interrogatories, the Plaintiff propounded five (5) interrogatories. In his second set he propounded twelve (12) interrogatories. In this his third set he propounded twenty-six (26) interrogatories. Therefore, interrogatories numbers 11-26 exceed the twenty-five (25) interrogatory limit imposed by the Federal Rules. While the Plaintiff now moves in his Motion to Compel answers to the interrogatories and grant him leave to exceed the Rules limits, the time to seek leave to exceed the limit imposed by Fed. R. Civ.P. 33 is prior to propounding the interrogatories upon the opposing party. Further, it is clear to the Court that Plaintiff continues to repeat questions previously asked in other interrogatories. Thus, the Motion to Compel and/or exceed Rule 33's limit of twenty-five (25) interrogatories is due to be denied.

Accordingly, it is now

**ORDERED:**

The Plaintiff, Alexander L. Kaplan's Motion to Compel Better Answers to Interrogatories and to Exceed 25 Interrogatories (Doc. #71) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___4th___ day of January, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record