UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**ALEXANDER L. KAPLAN,**

    **Plaintiff,**

**V.**                                                    Case No: 2:10-CV-237-FtM-UASPC

**LEON KAPLAN**

    **Defendant.**

_____/

## ORDER

This matter comes before the Court on Plaintiff's Motion for Reconsideration (Doc. #85) filed on December 6, 2011. Defendant's Response in Opposition to Plaintiff's Motion for Reconsideration and Defendant's Motion to Strike (Doc. #88) was filed on February 27, 2012. Thus, the Motion is now ripe for review. Plaintiff Alexander Kaplan moves the Court to reconsider its Order dated February 13, 2012 (Doc. #83), in which the undersigned denied Plaintiff's Motion to Compel Deposition of the Defendant.

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. Carter v. Premier Restaurant Management, 2006 WL 2620302 (M.D. Fla. Sept. 13, 2006) (citing American Ass'n of People with Disabilities v. Hood, 278 F. Supp 2d 1337, 1339 (M.D. Fla. 2003)). The courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of

1

new evidence; (3) the need to correct clear error or prevent manifest injustice." Susman v. Salem, Saxon & Meilson, P.A., 153 F.R.D. 689, 904 (M.D. Fla. 1994). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." Paine Webber Income Props. Three Ltd. Partnership v. Mobil Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. Carter, 2006 WL 2620302 at *1 (citing Taylor Woodrow Construction Corp. v. Sarasota/Manatee Authority, 814 F. Supp. 1072, 1072-1073 (M.D. Fla. 1993)). A motion for reconsideration does not provide an opportunity to simply reargue-or argue for the first time- an issue the Court has already determined. Carter, 2006 WL 2620302 at * 1. The Court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Id. (citing Quaker Alloy Casting Co. v. Gulfco Industries, Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988)). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Mannings v. School Bd. Of Hillsboro County, Fla., 149 F.R.D. 235, 235 (M.D. Fla. 1993). "Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied." Carter, 2006 WL 2620302 at *1.

The Court has reviewed Plaintiff's memorandum and finds that Plaintiff has failed to set forth new facts or law which exhibit extraordinary circumstances such that the Court would reconsider its ruling.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Reconsideration (Doc. #85) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 19th Day of March, 2012.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record