UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALEXANDER L. KAPLAN,

    Plaintiff,

V.                                              Case No:  2:10-CV-237-FtM-UASPC

LEON KAPLAN

    Defendant.

_____/

## ORDER

This matter comes before the Court on Defendant's Motion to Compel Response to Third-Party Subpoenas (Doc. #91) filed on March 2, 2012.  Opposition to Defendant's Motion (Doc. #96) was filed on March 13, 2012.  Thus, the Motion is now ripe for review.

## BACKGROUND

On or about February 27, 2012, Defendant Leon Kaplan ("Leon") served third-party subpoenas for production of documents on William Dean, Esq. and Adrian Thomas, Esq. (Docs. #91-1, 91-2).  Plaintiff Alexander Kaplan ("Alexander") has objected to each category of documents requested by the subpoenas by stating: "the proposed subpoenas are defective on their face and call for the production of privileged materials covered under the attorney-client privilege rule."  Alexander did not provide a privilege log.  Leon brings the instant Motion to Compel, requesting that this Court overrule Alexander's objections and compel Dean and Thomas to respond to Leon's subpoenas for documents.

1

Dean[1] and Thomas[2] are attorneys who previously represented Alexander at various points in the parallel state-court proceedings involving a wrongful-death suit and also in probate litigation. Alexander characterizes these witnesses as "hybrid" witnesses, stating that he plans to call them for both factual and expert testimony in this case. One of Alexander's claims in this action is that Leon failed in his duties as personal representative by settling the underlying wrongful-death suit for too little. According to Alexander, the underlying wrongful-death suit was worth more than it was settled for. In support of his theory, these experts will apparently testify as to their opinion of the value of the wrongful-death suit and the facts related to the case's settlement. It appears that both Dean and Alexander have already been deposed in this action.

---

[1] Alexander states that Dean will testify as to his representation of Alexander during the wrongful-death suit:

> Mr. Dean is an specialist [sic] in nursing home negligence and maintains his offices in Miami-Dade County. He was retained by Plaintiff after the death of Mack Kaplan . . . to pursue negligence and wrongful death claims against Assisted Living Facility . . . . Mr. Dean has factual knowledge of the events that occurred, as well as having professional expert opinions of Defendant's actions as well as the actions of Defendant's attorney, Cathy Reiman, Esq.
> (Doc. #86, pp. 2-3).

[2] Alexander states that Thomas will testify about facts related to the parallel state court probate litigation:

> Mr. Thomas is a probate litigator and was retained by Plaintiff to assist in matters involving the state court probate litigation. He had interaction as well with the Defendant's attorney, Cathy Reiman, Esq., and has factual knowledge of the events that occurred.
> (Doc. #86, p. 3).

## **DISCUSSION**

The Requests at issue are as follows:[3]

1. **All documents containing any communications between you and Plaintiff Alexander Kaplan, including but not limited to correspondence, notes, memos, emails, and facsimiles.**

The Court notes at the outset that Alexander's ground for objection that the proposed subpoenas are defective on their face is not well taken. Alexander makes this objection because the subpoenas state that the issuing attorney, Cathy Reiman, is an attorney for the Plaintiff beside her signature, when she is in fact the attorney for the Defendant. The Court finds that this is a mere scrivener's error that does not provide a proper basis upon which Alexander may refuse to respond to a subpoena request and the Court cautions that such an objection borders on bad faith as it is a waste of this Court's time, as well as opposing counsel's, to deal with this type of objection.

Leon argues that Alexander's general objection of attorney-client privilege fails because he did not provide a privilege log, and because he is attempting to use the privilege as both a sword and a shield, he has waived the attorney-client privilege.

Under the sword and shield doctrine, a party who raises a claim that will necessarily require proof by way of a privileged communication cannot insist that the communication is privileged. GAB Bus. Serv. Inc. v. Syndicate 627, 809 F.2d 755, 762 (11th Cir. 1987). "If a

---

[3] All of Alexander's responses to the Requests are the same: "Plaintiff objects in that the proposed subpoenas are defective on their face and call for the production of privileged materials covered under the attorney-client privilege rule."

3

client is required to call his attorney to testify on the issues necessary to establish his claim, the client waives the right to insist that the matter is privileged in pretrial discovery proceedings." Allstate Ins. Co. v. Levesque, 263 F.R.D. 663, 667 (M.D. Fla. 2010). Alexander has stated that both Dean and Thomas have factual knowledge of what occurred in the underlying litigation to which they will testify to. Thus, it does not appear that any and all attorney communications with Alexander in the underlying suit will be offered as evidence in this suit to support a claim or defense, which is what this Request asks for. Any factual matters that Dean and Thomas will testify to could have been discussed with them at their deposition. Leon has failed to show the Court at this point that any claim in this case will require that Alexander prove it through privileged communications with Dean and Thomas. The Court agrees though that Alexander has failed to provide opposing counsel with a privilege log as required so that opposing counsel and this Court could discern the contents of the correspondence. Therefore, the Court will deny Leon's motion to compel Request #1 without prejudice and direct Alexander to submit a privilege log to Leon's counsel of documents that fit within this Request #1. Any documents that fit within this Request that are not privileged shall be produced. Leon may refile a motion to compel the documents in Request #1 if it appears that the privileged document will be necessary to establish Plaintiff's claim(s).

2. **All documents related in any manner to the value of the claim against Encore Senior Village as related to the care of Mack Kaplan.**

Leon again argues that the Court should find that Alexander has waived the attorney-client privilege with respect to communications responsive to this Request. Leon argues that by calling his own attorney to testify as to the value of the wrongful-death suit when Alexander first

retained Dean, Alexander is waiving the privilege with respect to all communications or documents from Dean with respect to the case's value. One of the claims in this suit is that Leon failed in his duties as personal representative by settling the wrongful-death case for too little. The Court finds that this argument is well taken because if Alexander is using Dean to establish the case's value, any documents related to valuation of the case should be disclosed.

3. **All documents you reviewed to render your expert opinion, if any, in this case.**

Alexander is alleging that because Dean and Thomas are hybrid witnesses, an expert report under Federal Rule 26(a)(2)(B) is not required. Federal Rule of Civil Procedure 26 provides in relevant part:

> Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; *the data or other information considered by the witness in forming the opinions*; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. Proc. 26(a)(2)(B) (emphasis added). The Court notes that whether Dean and Thomas are properly considered hybrid witnesses and are therefore required to produce an expert report in compliance with Fed. Rule 26 is at issue in Defendant's Motion to Strike and Exclude Plaintiff's Expert Witnesses (Doc. #84), which is before the District Court for consideration. Therefore, the Court will deny without prejudice the request that Dean and Thomas be required to produce documents they used to render their expert opinions, which would be required by

5

Federal Rule 26. If and when the District Court determines that they are to produce an expert report, the Court assumes that Plaintiff would comply with Rule 26 and produce all documents responsive to this Request, but in the event he does not, Defendant may move again to compel the documents.

**4. All engagement agreements between you and Plaintiff**

Defendant argues engagement agreements, billing records, and other documents showing the terms on which an attorney is representing a party are generally not protected by the attorney-client privilege. This argument is well taken. Plaintiff himself concedes that Dean and Thomas are at least partly expert witnesses. "In fact, Courts have specifically held that billing records, hourly statements, and fee arrangements which do not reveal client communications are not protected by the attorney-client privilege." F.T.C. v. Cambridge Exchange, Ltd., Inc., 845 F. Supp. 812, 874 (S.D. Fla. 1993). Therefore, the motion to compel Request #4 is due to be granted.

**5. All reports prepared by you for Plaintiff**

Defendant again argues that Plaintiff has waived the attorney-client privilege with respect to communications responsive to this request. Alexander has stated that both Dean and Thomas have factual knowledge of what occurred in the underlying litigation to which they will testify to. Thus, it is not clear that all reports prepared by Dean and Thomas in the underlying suit will be offered as evidence in this suit to support a claim or defense. But again, the Court will direct Alexander to produce a privilege log of documents that are responsive to this Request. The motion to compel Request #5 is due to be denied without prejudice as Leon may refile a motion

6

to compel the documents in Request #5 if it appears that the privileged document will be necessary to establish Plaintiff's claim(s). Any documents that fit within this Request that are not privileged shall be produced.

6. **All bills you have rendered to Plaintiff and all record of payment therefor.**

Defendant argues engagement agreements, billing records, and other documents showing the terms on which an attorney is representing a party are generally not protected by the attorney-client privilege. This argument is well taken. Plaintiff himself concedes that Dean and Thomas are at least partly expert witnesses. "In fact, Courts have specifically held that billing records, hourly statements, and fee arrangements which do not reveal client communications are not protected by the attorney-client privilege." F.T.C. v. Cambridge Exchange, Ltd., Inc., 845 F. Supp. 812, 874 (S.D. Fla. 1993). Therefore, the motion to compel Request #6 is due to be granted.

Accordingly, it is now

**ORDERED:**

(1) Defendant's Motion to Compel Response to Third-Party Subpoenas (Doc. #91) is

    **GRANTED in part and DENIED in part**.

    a. Motion to Compel Request #1 is **DENIED without prejudice**.

    b. Motion to Compel Request #2 is **GRANTED**. Plaintiff shall produce documents responsive to this Request on or before **April 2, 2012**.

    c. Motion to Compel Request #3 is **DENIED without prejudice**.

    d. Motion to Compel Request #4 is **GRANTED**. Plaintiff shall produce documents responsive to this Request on or before **April 2, 2012**.

    e. Motion to Compel Request #5 is **DENIED without prejudice**.

    f. Motion to Compel Request #5 is **GRANTED**. Plaintiff shall produce documents responsive to this Request on or before **April 2, 2012**.

(2) Plaintiff is directed to prepare a proper privilege log[4] of all documents responsive to Requests #1 and 5 and submit to Defense Counsel on or before **April 2, 2012**. Any documents that fit within these Requests that are not privileged shall be produced.

**DONE** and **ORDERED** in Fort Myers, Florida this 21st Day of March, 2012.



SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

---

[4] **Error! Main Document Only.**Typically, the privilege log will identify each document and the individuals who were parties to the communications with sufficient detail to permit the compelling party or court to determine if the privilege is properly claimed. CSX Transportation, Inc., v. Admiral Insurance Co., 1995 WL 855421 *3 (M.D. Fla. July 20, 1995). More specifically, a proper privilege log should contain the following information:

    (1) the name and job title or capacity of the author of the document;
    (2) the name and job title or capacity of each recipient of the document;
    (3) the date the document was prepared and if different, the date(s) on which it was sent to or shared with persons other than the author(s);
    (4) the title and description of the document;
    (5) the subject matter addressed in the document;
    (6) the purpose(s) for which it was prepared or communicated; and
    (7) the specific basis for the claim that it is privileged.

See Roger Kennedy Construction, Inc. v. Amerisure Insurance Co., 2007 WL 1362746 * 1 (M.D. Fla. May 7, 2007) (detailing the information needed in a proper privilege log).