**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

ALEXANDER KAPLAN,

    Plaintiff,

-vs-                                      Case No.: 2:10-cv-00237-CEH-SPC

LEON KAPLAN,

    Defendant.
_____

## ORDER

       This matter comes before the Court on Plaintiff's Motion for Sanctions in Accordance with Local Rule 9.05(c) (Doc. # 100) filed on March 20, 2012. Plaintiff's Counsel moves the Court for the entry of sanctions alleging that the Defendant and his attorney failed to negotiate in good faith and violated Local Rule 9.05. (Doc. # 100). Defendant's Response in Opposition to Plaintiff's Motion for Sanctions in Accordance with Local Rule 9.05(c) (Doc. # 105) was filed on March 26, 2012. Thus, the Motion is ripe for the Court's consideration.

       Plaintiff alleges that Defendant violated Local Rule 9.05(c) by attempting to turn the mediation into a global settlement conference that required the presence of additional parties, specifically the Parties' sister Betty Kaplan, who was not present at the mediation, (Doc. # 100). Additionally, Plaintiff claims that Defendant failed to act in good faith by delaying the mediation with the express intent of preventing the Plaintiff from taking the Defendant's deposition. (Doc. #100). Conversely, Defendant responds that the parties to the suit and their counsel were present at the mediation and this Court had already denied Plaintiff the opportunity to take Defendant's deposition at or around the time of the mediation. (Doc. # 105).

Pursuant to Local Rule 9.05(c), "[u]nless otherwise excused by the presiding judge in writing, all parties, corporate representatives, and any other required claims professionals (insurance adjusters, etc.), shall be present at the Mediation Conference with full authority to negotiate a settlement. Failure to comply with the attendance or settlement authority requirements *may* subject a party to sanctions by the Court." M.D. Fla. Local Rule 9.05(c) (emphasis added).

The Case Management and Scheduling Order (the "CMO") provides that the Court will sanction any attorney or party who does not participate in good faith at the mediation conference. (Doc. # 24, p. 8). The CMO and Local Rule 9.07(b) also provide that all discussions, representation, and statement made during the conference are privileged, and may not be "made known to the trial court." M.D. Fla. Local Rule 9.05(c). In the CMO, the Court places the burden or responsibility on the mediator to "report any conduct of a party or counsel that falls short of a good faith effort to resolve the case . . . or fails to comply with this Order." (Doc. # 24, p. 8). Thus, it is the mediator's responsibility, rather than counsel or the parties, to inform the Court if any party or counsel failed to participate in good faith.

In this case, the mediator's report does not disclose any bad faith conduct on the part of Defendant, or Defendant's counsel. (Doc. # 94). In regard to Plaintiff's contention that Defendant was attempting to prevent Defendant's deposition from being taken, this Court expressly denied Plaintiff's prior Motion to Compel Deposition of Defendant during the time that Defendant would be in Florida for the mediation. (Doc. # 83). Further, Defendant's telephonic deposition is currently set for April 11, 2012, contrary to Plaintiff's contention that Defendant is attempting to prevent such deposition. See Doc. # 101.

Additionally, the mediator's report states "[a]ll parties having authority to settle, and their counsel, attended the mediation." (Doc. # 94). The only parties to this suit are Alexander Kaplan and Leon Kaplan, and both were present at the mediation. Thus, contrary to the Plaintiff's contentions, this Court finds no evidence supporting the allegations of bad faith or the violation of Local Rule 9.05(c) that would support the entry of sanctions.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Sanctions in Accordance with Local Rule 9.05(c) (Doc. #100) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   30th   day of March, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record