**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

ALEXANDER KAPLAN,

        Plaintiff,

vs.                                    Case No. 2:10-cv-237-FtM-99SPC

LEON KAPLAN,

        Defendant.

**ORDER**

This cause is before the Court on various Motions concerning the disclosure of expert witnesses. Over two years ago, Alexander Kaplan, whose father passed many years before as a result of professional negligence, brought this lawsuit against his uncle, Leon Kaplan, who is the duly-appointed personal representative of Alexander's father's estate.

The long and the short of the discovery dispute is this: Alexander has not provided Leon with all of the disclosures required by the Federal Rules of Civil Procedure for his experts. He disclosed three experts, William Dean, Adrian Thomas, and Marshall Gunn, prior to the expiration of the deadline set by the Court, but failed to supply Leon expert reports for these witnesses. Leon moved to strike and exclude Alexander's expert witnesses (Doc. No. 84), which Alexander opposed (Doc. No. 86).

Thereafter, and well after the disclosure deadline set by the Court, Alexander served an amended witness list which omits Marshall Gunn and identifies a new expert witness, Robert Matheson. Alexander did not provide an expert report for this new witness. Leon moved to strike the witness. (Doc. No. 106.) In response, Alexander

moved to extend the time for expert discovery.  (Doc. No. 125.)  Leon opposes an extension of time for discovery.  (Doc. No. 128.)

*Applicable Law*

Federal Rule of Civil Procedure 26(a)(2) provides that a party must disclose any witness who is expected to provide expert testimony under the Federal Rules of Evidence.  The rule further requires that, when an expert has been "retained or specially employed to provide expert testimony in the case," the witness must provide an expert report detailing all opinions the expert will express and the basis for them.  Fed. R. Civ. P. 26(a)(2)(B).  If a party fails to properly disclose the opinions of an expert witness, the trial court may exclude the expert's testimony.  *See Prieto v. Malgor*, 361 F.3d 1313, 1318-19 (11th Cir. 2004).

As the Eleventh Circuit has explained, witnesses such as treating physicians present "special evidentiary problems" because their testimony is grounded in their personal experiences, i.e., treating patients, and extends to "explanations of scientific and technical information not grounded in their own observations and technical experience."  *Williams v. Mast Biosurgery USA, Inc.*, 644 F.3d 1312, 1316-17 (11th Cir. 2011).  In other words, there are certain fact witnesses, i.e., "hybrid" witnesses, who may properly provide limited opinion testimony on certain subjects within their professional ken.  Nevertheless, the Eleventh Circuit has instructed this Court to ensure that the requirements of the Federal Rules are not "evaded through the simple expedient of proffering an expert in lay witness clothing."  *Id.* (footnote, citation and internal quotations omitted) (referring to the reliability requirement of the Rules of Evidence).

2

***Leon's Motions to Strike and Exclude Alexander's Experts (Doc. Nos. 84 and 106)***

Alexander contends that he need not provide an expert report for his witnesses because the Handbook on Civil Discovery Practice in the United States District Court for the Middle District of Florida (hereafter, "Middle District Discovery Handbook") directs litigants that such a report is not required of a "hybrid" witness such as his experts, who are being offered as fact witnesses and for their "professional expert opinions."[1] More specifically, the Handbook notes

> The expert report is not required of a "hybrid" witness, such as a treating physician, who was not specifically retained for the litigation and will provide both fact and expert testimony (though nonretained experts must still be disclosed and are subject to regular document and deposition discovery). The parties are encouraged to communicate openly about all opinions that a treating physician is expected to render in support of a party's case.

Middle District Discovery Handbook (2001) at 9. Alexander's reliance on the Middle District Discovery Handbook is misplaced.

As noted in its introduction, the Middle District Discovery Handbook supplies "neither substantive law nor inflexible rule; it is an expression of generally acceptable discovery practice in the Middle District." It is "highly persuasive in addressing discovery issues," but does not (and indeed cannot) supersede the Federal Rules of Civil Procedure, the Local Rules of the Middle District of Florida, and existing case law. *Id.*

The Eleventh Circuit has laid out clear guidance for trial courts with regard to hybrid witnesses. In *Williams*, the Court held that such witnesses may testify regarding their observations based on personal knowledge as well as their lay opinions, consistent

---

[1] The Handbook on Civil Discovery Practice in the United States District Court for the Middle District of Florida is made available to the public on the Court's website at http://www.flmd.uscourts.gov/Forms/Civil/Discovery_Practice_Manual.pdf.

with Rule 701, when such opinion testimony is based upon the witness' experience as a professional and is helpful in understanding the witness' decision making process. 644 F.3d at 1317. Such witnesses may not cross the line and offer expert testimony, which must comply with the requirements of the Federal Rules of Evidence and the strictures of *Daubert*. *Id.* at 1318. If these experts are proffered for their expert opinions, such opinions must be disclosed in accordance with Federal Rule of Civil Procedure 26.

Here, since Alexander has not complied with the expert disclosure requirements of Rule 26, his timely-disclosed witnesses may not testify as to their expert opinions. Rather, such witnesses may testify <u>only</u> as to their observations based on personal knowledge of the facts of the case and as to their lay opinions to the extent such opinions testimony are based on the witness' personal experience and is helpful in understanding the witness' decision making process. *See Williams*, 644 F.3d at 1317. Since neither party provides the Court with sufficient context to rule on the testimony of a particular witness, any objections to the scope of the testimony of Messrs. Dean and Thomas should be raised at trial.

Mr. Gunn's testimony shall be excluded. In his response, Alexander makes it clear Mr. Gunn is an expert retained for this case, not a hybrid witness. Since Alexander admits he has not complied with the requirements of Rule 26, Mr. Gunn's testimony cannot be offered at trial or in support of any Motion. *See* Fed. R. Civ. P. 37(c)(1).

Accordingly, Leon's Motion to Strike and exclude Alexander's expert witnesses (Doc. No. 84) is due to be granted in part and denied in part.

As for Alexander's late-disclosed expert, Mr. Matheson, it is clear from the papers that he was specifically retained to provide an expert opinion in this litigation and

he was not disclosed prior to the expiration of the Court's deadline. Further, Alexander has not provided sufficient justification as to why Mr. Matheson was not disclosed in a timely fashion or why the disclosure requirements of Rule 26 were not satisfied. Thus, pursuant to Federal Rule of Civil Procedure 37(c)(1), the party is not allowed to use Mr. Matheson's opinions or testimony "to supply evidence on a motion, at a hearing, or at a trial."[2]

As such, Leon's Motion to strike Mr. Matheson as a witness (Doc. No. 106) is due to be granted.

### *Alexander's Motion for an Extension of Time (Doc. No. 125)*

Lastly, Alexander vaguely moves for an extension of the discovery deadlines relating to expert witnesses. This Motion is due to be denied for at least three reasons.

First, the Motion does not contain a proper certification pursuant to Local Rule 3.01(g). Since this is not Alexander's first failure to comply with Local Rule 3.01(g), the Court will expound. The purpose of Local Rule 3.01(g) "is to require the parties to communicate and resolve certain types of disputes without court intervention." *Desai v. Tire Kingdom, Inc.*, 944 F. Supp. 876 (M.D. Fla. 1996). The term "communicate" has been further clarified to mean, "to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." *Davis v. Apfel*, No. 6:98-cv-651, 2000 WL 1658575, at *2 (M.D. Fla. Aug. 14, 2000). Moving forward, any application in this action that does not contain a proper certification may be summarily denied.

Second, Alexander's Motion does not comply with the requirements of Local Rule 3.01(a). The Judges of the Middle District have required, for many years now, each

---

[2] The Court has considered and rejected the possibility of the lesser and additional sanctions provided by Rule 37(1)(1).

motion or application include "a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request." The present Motion does not contain a memorandum of legal authority in support of the request and fails to point out with particularity the relief requested.[3] The Court is not inclined to grant a Motion with such deficiencies.[4]

Third, under Federal Rule of Civil Procedure 16, scheduling orders may be modified only for good cause, and only when the schedule "cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). As noted by Leon, the information in the interim accounting has long been available to Alexander. Alexander has provided no reason for his lack of diligence, and the Court has been provided no indication as to why he could not supply the information to his witnesses in a timely manner.

### *Conclusion*

Accordingly, it is hereby **ORDERED**:

1. Defendant's Motion to Strike and Exclude Plaintiff's Expert Witnesses (Doc. No. 84) is **GRANTED in part** and **DENIED in part**.

2. Defendant's Motion to Strike and Exclude Plaintiff's Newly Disclosed

---

[3] The title of the Motion notes it is a request "to extend time for production of expert witness reports," but the body of the Motion requests "that the Court extend the deadline for discovery regarding expert witnesses only to June 30, 2012."

[4] Alexander appears in this case in proper person, but he is a lawyer who is a member of the Bar of the Middle District of Florida. While the Court does not believe any admonishment is required (since any member of the Bar who has been corrected three times for the same oversight in the same case is sure to be extra careful and follow the requirements of the Local Rules to a "T" in all future filings), the Court reminds Alexander of his obligations as a member of the Bar of the Middle District of Florida. Consequences will follow should there continue to be a failure to comply with the requirements of the Local Rules.

Expert Witness (Doc. No. 106) is **GRANTED**.

3. Plaintiff's Motion to Extend Time (Doc. No. 125) is **DENIED**.

**DONE AND ORDERED** in Chambers in Fort Myers, Florida, on May 11, 2012.

ROY B. DALTON JR.
United States District Judge

Copies:
counsel of record