UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALEXANDER KAPLAN,

    Plaintiff,

v.                                                        CASE NO: 2:10-cv-237-UA-SPC

LEON KAPLAN,

    Defendant.

_____/

**ORDER**

An October 30, 2012, order (Doc. 184) stays this action until entry in state court of a final judgment in the probate of Mack Kaplan's estate. Alexander moves (Doc. 186) for reconsideration.

Alexander implicitly argues among other points that a previous order established the "law of the case." In Alexander's words, "this Court [cannot] sit as an appellate court to overturn prior decisions [(Order Denying Leon's Motion to Dismiss, Doc. 56) in the same action] of another Federal District Court Judge of equal stature and authority." However, the law is quite to the contrary. Fed. R. Civ. P. 54(b) (noting that an order resolving fewer than all of the claims "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"); *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983) ("[E]very order short of a final decree is subject to reopening at the

discretion of the district judge."); *Gregg v. United States Indus.*, 715 F.2d 1522, 1530 (11th Cir. 1983) ("[The district judge] was not bound to give absolute effect to the first judge's rulings, and he did not do so. . . . [A]s an alternative, he carefully exercised his own power and duty of independent decision."); Wright & Miller, *Federal Practice & Procedure* § 4478.1 (2d ed. 2012) (detailing the policy supporting "a successor judge['s] . . . free[dom] to attempt the best possible disposition of the case"). The October 30 order explains in detail the necessity of imposing a stay and departing from the August 3, 2011, order refusing to abstain.

Next, Alexander cites *Glickstein v. Sun Bank/Miami, N.A.*, 922 F.2d 666 (11th Cir. 1991), *abrogated in part*, *Saxton v. ACF Industries*, 254 F.3d 959 (11th Cir. 2001), and argues (Doc. 186 at 6) that the "probate exception" permits Alexander's federal action for personal liability against Leon. The October 30 order agrees but temporarily abstains under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), and Alexander again confuses abstention and a stay with the "probate exception" and a dismissal.

Involving simultaneous state and federal actions, *Glickstein* included three wills of Lilly Glickstein, the third of which the state court admitted to probate. The third will permitted Robert Grayson and Peggy Bonomo to inherit equal shares of the estate's remainder and appointed the two as beneficiaries of a marital trust established by Lilly's late husband. Sun Bank was appointed as the personal representative of the estate.

Howard Glickstein successfully challenged the third will in the probate court, which set aside the third will in favor of the first will. The will challenge was appealed, but before the decision was affirmed on appeal, Howard sued in federal court "on behalf of himself and the estate of Lilly Glickstein" for "wrongful interference with an inheritance." While the will challenge awaited resolution in the Florida courts, the district court dismissed the federal action. According to the district court (1), because Howard was not the estate's personal representative, Howard lacked "standing" to pursue the action on behalf of the estate and (2), because Howard "had failed to 'demonstrate' that the case could not be heard by the probate courts," Howard failed to "exhaust" his probate remedy. After the district court's dismissal but before the Eleventh Circuit's opinion, the will challenge was affirmed in the Florida appellate court.

In the Eleventh Circuit, Howard argued that dismissal was proper under both the probate exception and abstention. *Glickstein* rejected the probate exception argument, and in the final paragraph before the conclusion, summarily rejected the abstention argument:

> Finally, the defendants argue that abstention is appropriate in this case as the issues are pending in the state courts and the state courts are more familiar with them. The fact that a similar action is pending in a state court does not mean that the federal court should abstain from deciding the case. *See Jett v. Zink*, 474 F.2d 149 (5th Cir.) (even if state law is unclear, it is clear that both cases can be heard simultaneously in state and federal court), *cert. denied*, 414 U.S. 854, 94 S.Ct. 153, 38 L.Ed.2d 104 (1973). The defendants note that it is proper for the federal court to decline

> jurisdiction when the state courts are already familiar with the matters. *See Rice v. Rice Found.*, 610 F.2d 471 (7th Cir.1979). While the probate court that invalidated the first will is more familiar with the facts of this case than the district court, these issues are not pending before the probate court.

922 F.2d at 674.

In the federal action, Howard sought (1) attorneys' fees and expenses to compensate for challenging the third will and (2) "overturn [of] certain inter vivos transfers made to the defendants" named in the federal action. Perforce the probate court's setting aside the third will, the defendants in the federal action were removed as trustee and personal representative before the commencement of the federal action. In other words, Howard sought in the federal action no damages for wrongs committed by a personal representative serving during the prosecution of the federal action, that is, no *Glickstein* defendant remained as personal representative during the on-going probate of the estate, and no *Glickstein* defendant awaited discharge in the probate court. Thus, *Glickstein* presented little possibility of piecemeal litigation from a federal court's disposition on the merits, little possibility that a ruling in federal court would disrupt the proceedings in state court, and little possibility that a ruling in state court would disrupt the proceedings in federal court.

By contrast, Leon remains personal representative of the on-going probate of Mack's estate, and Leon awaits discharge (or imposition of liability) by the probate court. As explained thoroughly in the October 30 order, (1) disposition of Alexander's federal action results in "substantial and troublesome" piecemeal

litigation; (2) a ruling in federal court disrupts the proceedings in state court, robs Leon of his statutory right to a discharge determination in the probate court, and pre-empts the probate court's statutory duty to decide discharge; and (3) each event in the probate court (such as an interim accounting, *See* Doc. 184 at 12-14) disrupts the proceedings in the federal action.

*Glickstein* recognizes that Howard's appointment as personal representative awaited the conclusion of the appeal in the state court and consequently that Howard lacked the capacity to sue on behalf of the estate. Rather than suggesting that the district court ignore the practical consequence of a simultaneous state court action and charge stubbornly forward to a hasty and unjust disposition, *Glickstein* endorses a stay:

> [Howard], however, was not the personal representative at the time the suit was brought. Nevertheless, as his pleadings and responses make abundantly clear, his appointment would be assured once the judgment of the probate court overturning the second and third wills became final. Under these circumstances, the district court erred in dismissing the case with prejudice.
>
> Given the lack of finality surrounding the case, the better course of action would have been to stay the proceedings to await the state court action.

922 F.2d at 671. The motion (Doc. 186) is **DENIED**.

ORDERED in Tampa, Florida, on November 20, 2012.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE