UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALEXANDER L. KAPLAN,

        Plaintiff,

v.                                     Case No:  2:10-cv-237-FtM-38CM

LEON KAPLAN,

        Defendant.

_____/

## ORDER[1]

      This matter comes before the Court on Defendant Leon Kaplan's Renewed Motion for Final Disposition (Doc. #204) filed on March 17, 2014.  Plaintiff Alexander L. Kaplan filed his Opposition to Defendant's Motion (Doc. #205) on March 26, 2014.  This motion is now ripe for review.

## BACKGROUND

      Decedent Mack Kaplan died testate on July 28, 2006, and probate began one month later in *In re Estate of Mack Kaplan*, No. 06-843-CP-02-LDM (Fla. 20th Cir. Ct).  After considering competing petitions from Defendant and Plaintiff, the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida (hereinafter "probate

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

court") appointed Defendant as the personal representative of the estate.  Extensive and contentious litigation followed.  (Doc. #184 at 1 n.1).

On April 21, 2010, Plaintiff commenced this action against Defendant for breach of fiduciary duty, violation of Florida's "Prudent Investor Rule," and negligent retention of counsel.  (Doc. #1; Doc. #43).  Each wrong alleged by Plaintiff occurred during Defendant's administration of the estate.  After lengthy discovery, Defendant moved for summary judgment (Doc. #120) on April 20, 2012.  The Court, however, stayed this action until the probate court entered final judgment.  (Doc. #184).

On May 14, 2013, the probate court entered an Order Approving Interim and Final Accountings.  (Doc. #192-1).  Defendant thereafter moved for summary judgment (Doc. #192), arguing that the probate court disposed of all objections Plaintiff could have raised to Defendant's administration of the estate, including those raised in the First Amended Complaint (Doc. #43).  Defendant also noted that Plaintiff's time to appeal the probate court's order had expired.  To that end, Defendant requested that the Court lift the stay and dismiss the case on grounds of *res judicata*.  The Court, however, denied Defendant's motion (Doc. #192) because the probate court had not entered final judgment.  The case was stayed until such entry.  Defendant unsuccessfully appealed the stay order to the Eleventh Circuit Court of Appeals.  (Doc. #190).

While this action was on appeal, Defendant served Plaintiff with the estate's final accounting and a petition for discharge in the probate court.  (Doc. #192-3, Doc. #192-4, Doc. #192-5).  The final accounting disclosed each of the estate's assets and expenses.  (Doc. #192-3).  Plaintiff's only objection to the final accounting concerned the amount and propriety of the attorneys' fees.  (Doc. #192-6).  After a properly noticed hearing, the

probate court entered an Order Approving Interim and Final Accounting, which overruled Plaintiff's objection.  (Doc. #192-1, Doc. #192-8).  Plaintiff did not appeal, and the time to do so has expired.

Defendant then filed another motion for summary judgment (Doc. #192) in this Court on September 18, 2013.  The Court again denied Defendant's motion because the probate court had not entered a final judgment.  (Doc. #202).  As a result of the Court's order, Defendant renewed his petition for discharge, which the probate court granted on February 26, 2014.  (Doc. #204-1).  Plaintiff did not challenge the probate court's final judgment, and his time to do so has expired.

On March 17, 2014, Defendant filed a Renewed Motion for Final Disposition as to the First Amended Complaint.  (Doc. #204).  In his Motion, Defendant notes that the probate court entered an Order of Discharge (Doc. #204-1), releasing him from liability. Defendant also points out that Plaintiff did not challenge this final judgment.  Since the probate matter is considered rendered under Florida Rule of Appellate Procedure 9.020(h), Defendant requests that the Court lift the stay and dismiss this case on grounds of *res judicata*.

## STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and [he] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  An issue is genuine if there is sufficient evidence such that a reasonable jury could return a verdict for either party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Similarly, an issue of fact is material if it may affect the outcome of the suit under governing law.  Id.

The moving party bears the burden of showing the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In deciding whether the moving party has met this initial burden, the Court must review the record and all reasonable inferences drawn from the record in the light most favorable to the non-moving party. Whatley v. CNA Ins. Co., 189 F.3d 1310, 1313 (11th Cir. 1999). Once the Court determines that the moving party has met its burden, the burden shifts and the non-moving party must present specific facts showing that there is a genuine issue for trial that precludes summary judgment. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "The evidence presented cannot consist of conclusory allegations, legal conclusions or evidence which would be inadmissible at trial." Demyan v. Sun Life Assurance Co. of Canada, 148 F. Supp. 2d 1316, 1320 (S.D. Fla. 2001) (citing Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991)). Failure to show sufficient evidence of any essential element is fatal to the claim and the Court should grant the summary judgment. Celotex, 477 U.S. at 322-23. Conversely, if reasonable minds could find a genuine issue of material fact then summary judgment should be denied. Miranda v. B & B Cash Grocery Store, Inc., 975 F.2d 1518, 1532 (11th Cir. 1992).

## DISCUSSION

As stated, Defendant moves for summary judgment based on the doctrine of *res judicata*. The doctrine of *res judicata* bars parties to an action from relitigating matters that were, or could have been, litigated in an earlier suit. The doctrine facilitates "the conclusive resolution of disputes" by reducing "the expense and vexation attending multiple lawsuits, conserv[ing] judicial resources, and foster[ing] reliance on judicial action by minimizing the possibility of inconsistent decisions." Montana v. United States, 440

U.S. 147, 153–54 (1979). In accordance with these principals, *res judicata* bars a claim whenever (1) a court of competent jurisdiction has (2) rendered a final judgment on the merits in another case involving (3) the same parties and (4) the same cause of action. See Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999); see also Fraser v. Se. First Bank of Jacksonville, 417 So. 2d 707, 710 (Fla. 5th DCA 1982) (applying the doctrine of *res judiciata* in the probate context to bar subsequent litigation over matters shown or disclosed in an interim or final accounting to those indidivduals on notice). When considering the fourth requirement, a court must determine if the "case arises out of the same nucleus of operative fact, or is based upon the same factual predicate." Rubbermaid, 193 F.3d at 1239 (citation omitted).

Here, the parties do not dispute the first three elements. Rather, they square off as to whether the causes of action before the probate court and this Court are the same. Defendant maintains that he cannot be individually liable because the probate court properly resolved each allegation in the Amended Complaint. (Doc. #204 at 5-6) In contrast, Plaintiff emphasizes that he is suing Defendant in his individual capacity and that the probate court only addressed matters as they related to Defendant in his capacity as the personal representative of the estate. (Doc. #205 at 2). According to Plaintiff, "the probate judge refused Defendant's request to be discharged from *personal liability*." (Id. (emphasis in original)). Plaintiff further argues that Defendant misleadingly asserts that the probate court disposed of all of his claims in this action. (Id.).

Under Florida law, the probate court may enter an appealable final order discharging the personal representative after receiving evidence that the estate has been fully administered and properly distributed. See Fla. Prob. R. 5.400(e); see also Fla. Stat.

§ 733.901(1) ("After administration has been completed, the personal representative shall be discharged."). Once discharged, actions against the personal representative in his capacity as the representative and individually are barred. See Fla. Stat. § 733.901(2). However, a personal representative is released from individual liability only if he discloses to the probate court the disposition of the disputed estate assets. See Van Dusen v. Southeast First Nat'l Bank of Miami, 478 So. 2d 82, 91 (Fla. 3d DCA 1985) ("If the personal representative has not disclosed its disposition of an asset of the estate, it is not entitled to the sanctuary provided by [§ 733.901]."). In other words, "the price of immunity is disclosure." Id. Thus, after the closing of probate, a federal action remains only with respect to those matters that the personal representative did not disclose, the beneficiaries did not know about, and the probate judge did not adjudicate. See Kaplan v. Kaplan, 903 F. Supp. 2d 1304, 1311 (M.D. Fla. 2013) (stating that "[t]he probate court's resolution either inculpates [Defendant] or absolves him through discharge").

In accordance with the above principles, the Court finds that Defendant properly disclosed to the probate court the disposition of the estate's assets that Plaintiff challenges in this action. In Counts 2 and 4 of the Amended Complaint, Plaintiff alleges that Defendant breached his fiduciary duties as the personal representative of the estate by (1) submitting improper "bills for travel, hotel, food, etc."; (2) billing "double" for guardianship costs; (3) abandoning Decedent's "valuable personal property"; (4) failing to pay Decedent's pharmacy bill timely; (5) failing to pay Decedent's funeral expenses timely; (6) paying an attorney to defend an IRS audit instead of obtaining free representation from H&R Block; (7) failing to defend against claims from two attorneys; and (8) failing to invest the estate's assets in accordance with Florida's "Prudent Investor

Rule." (Doc. #43).  Defendant's Notice of Final Accounting and Petition for Discharge, however, disclosed each of the estate's assets and expenses, including those that Plaintiff objects to here.  (Doc. #192-3).  The disclosure in the final accounting included, among other things, the:

1. Settlement disbursements for claims brought against the estate by Arlene Bowes, Esq. and Mathew Linde, Esq.  (Compare Doc. #192-3, Schedule B at 10-11, with Doc. #43 at ¶ 66).

2. Reimbursements to Defendant for travel expenses.  (Compare Doc. #192-3, Schedule B at 11, with Doc. #43 at ¶ 67).

3. Reimbursements to Defendant for guardianship expenses.  (Compare Doc. #192-3, Schedule B at 11, with Doc. #43 at ¶ 68).

4. Assets on hand at the close of the accounting period.  (Compare Doc. #192-3, Schedule E at 46, with Doc. #43 at ¶ 69).

5. Disbursements to Sunshine Pharmacy for Decedent's medication.  (Compare Doc. #192-3, Schedule B at 9, with Doc. #43 at ¶ 70).

6. Payment to New Montifiore Cemetery and Shastone Memorials for Decedent's funeral expenses.  (Compare Doc. #192-3, Schedule B at 9, with Doc. #43 at ¶ 71).

7. Disbursements to Dana Harrison, CPA for a federal and state tax audit of Decedent's Estate.  (Compare Doc. #192-3, Schedule B at 14, with Doc. #43 at ¶ 72).

8. A description of the Estate's capital transactions and adjustments during the Estate's administration.  (Compare Doc. #192-3, Schedule D at 21-45, with Doc. #43 at ¶¶ 37-52).

9. Attorneys' fees paid to Roetzel & Andress.  (Compare Doc. #192-3, Scheduled B at 15-17, with Doc. #43 at ¶¶ 54-64).

After receiving the Notice of Final Accounting, Plaintiff had thirty days to file any and all known objections, including those he now asserts here.  See Fla. R. Prob. 5.401(b) ("Written objections to the petition for discharge or final accounting must state with particularly the times to which the objections are directed and must state the grounds on which the objections are based.").  Plaintiff did not do so.  (Doc. #192-6).  Instead, he objected only to the attorneys' fees the estate paid, which the probate court overruled. (Doc. #192-6).  Plaintiff cannot defeat Defendant's *res judicata* argument where he chose not to raise his current challenges before the probate court.  Consequently, Defendant is absolved of personal liability on Count 2 and 4 of the Amended Complaint.

Regarding the remaining two claims in the Amended Complaint, the probate court resolved these allegations at one point or another during the eight-year administration of the estate.  In Count 1, Plaintiff asserts that Defendant acted tortuously by settling a wrongful death survivor's claim in 2007 "for [a] ridiculously low amount."[2]  Plaintiff blatantly disregards the fact that the probate court approved the settlement after hearing the parties' arguments and reviewing the file, proposed settlement agreement, and Plaintiff's

---

[2] On November 26, 2007, Defendant petitioned the probate court to approve a settlement of a negligence claim against Encore Senior Village for injuries Decedent suffered while residing there.  (Doc. #46-5). Defendant attached the terms of the settlement agreement for the probate court's review.  (Doc. #46-5). Plaintiff objected, arguing that Defendant had settled and released his individual claim without his consent. (Doc. #46-5 at 13).  On January 31, 2008, the probate approved the settlement.

objections.  (Doc. #46-5 at 14).  In doing so, the probate court relieved Defendant of all liability related to that settlement.[3]  See Fla. Stat. § 733.708 ("When a proposal is made to compromise any claim, whether in suit or not, by or against the estate of a decedent or to compromise any question concerning the distribution of a decedent's estate, the court may enter an order authorizing the compromise if satisfied that the compromise will be for the best interest of the interested persons.  The order shall relieve the personal representative of liability or responsibility for the compromise.").

In Count 3 of the Amended Complaint, Plaintiff alleges that Defendant negligently retained inexperienced counsel and unreasonably relied on counsel's erroneous advice in settling the wrongful death action and managing the estate's investments.  (Doc. #43 at 5).  To the extent Count 3 relates to the wrongful death action, the probate court's approval of the settlement in that matter likewise shields Defendant from personal liability on his choice of counsel.  Additionally, Defendant is absolved from any personal liability for relying upon counsel in managing the estate's investments because Defendant openly disclosed the capital transactions and adjustments in the final accounting, to which Plaintiff could have, but choose not to, object.

In sum, the probate court provided Plaintiff a plenary procedure to resolve each claim he asserts in the instant case.  The causes of action in this case were addressed, or could have been addressed, before the probate court.  Both cases are plainly based on the same factual predicate and arise from the "same nucleus of operative fact," namely Defendant's administration of the estate.  The Court, therefore, finds that the undisputed

---

[3] Plaintiff also asserts that Defendant failed to defend the estate against erroneous claims by Arlene Bowes, Esq. and Matthew Linde, Esq. (Doc. #43 at 1-2, 6); however, the probate court approved that settlement over Plaintiff's objection.  (Doc. #46-8 at 7-10).  The probate court's approval also releases Defendant of individual liability related to that settlement.  See Fla. Stat. § 733.708.

material evidence shows that Defendant has satisfied the four elements of the doctrine of *res judicata*, thereby barring Plaintiff's claims.

Accordingly, it is now

**ORDERED:**

Defendant's Renewed Motion for Final Disposition (Doc. #204) is **GRANTED**.  The Clerk of Court is directed to enter final judgment, terminate any pending deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida this 14th day of April, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record